———, *for appellant.*

*Randle & Tyler, for appellee.*

---

## U. T. MERRIT *v.* JOHN MOSS.

**New Trial—Newly Discovered Evidence to Impeach Witness.**

New trials will not be granted upon the discovery of testimony, either oral or written, tending merely to impeach a witness or to show that he was mistaken in his statements.

APPEAL FROM GARRARD CIRCUIT COURT.

June 15, 1871.

OPINION BY JUDGE LINDSAY:

Appellant relies upon two grounds for the vacation of the judgment against him in favor of appellee Moss.

First. The discovery of a receipt from the sheriff, Rutherford, to J. H. Hanley, which shows that the witness, M. C. Hanley (now dead), was mistaken in his statement, that he as agent for his father, J. H. Hanley, who was jointly bound with Moss in some of the debts under which his land was sold, had made large payments on said debts for which no credits were entered on the executions.

Second. The discovery of the record and judgment in the suit between his vendors, Rarick & Smith, plaintiffs, and Ap-

pellee Moss, defendant, which judgment settled the rights of the parties litigant to the land in controversy, and which, if pleaded, would have operated as a bar to Moss's right to recover in this action.

New trials will not be granted upon the discovery of testimony either oral or written tending merely to impeach a witness or to show that he was mistaken in his statements.

The newly discovered testimony must be calculated of itself, to establish a state of facts different from that proved when the judgment was rendered.

Upon the trial M. C. Hanley swore that he, as agent for his father, paid to Rutherford, sheriff of Jessamine county, something over two thousand dollars on the Tilford execution, and took his receipt therefor. Rutherford, whose deposition was taken by appellant, swore positively that M. C. Hanley had made no such payment.

The discovered receipt is for the sum of over $3,900, and is for money paid upon other debts for which J. H. Hanley was liable. Rutherford is again sworn after the discovery of the receipt and states that it is the only one he ever gave to M. C. Hanley as agent for his father, J. H. Hanley.

The two witnesses still contradict each other flatly, and the discovered receipt, which it is insisted proves conclusively that Rutherford is right, makes no mention of the transaction, about which the witnesses differ, and can be entitled to no weight whatever, unless the statement of Rutherford that it is the only receipt he ever gave to M. C. Hanley, agent, etc., is to be believed, notwithstanding the latter swore when examined that he distinctly recollected paying two thousand dollars on the Tilford debt, and taking Rutherford's receipt therefor. Upon the trial the jury accepted Hanley's testimony as true, and must have based that verdict upon it. Possibly the production of the $3,900 receipt might have produced a different result, but we are of the opinion that the probabilities in favor of that conclusion are not great enough to authorize the granting of a new trial.

So far as the judgment against Moss in the suit of Rarick & Smith is concerned, we are satisfied from the record that Merrit was apprised of its existence at the time of the former trial.

We are of opinion that the Circuit Court properly dismissed appellant's petition.

Judgment *affirmed.*

*Owsley & Burdett, Vanwinkle & Fox, Dunlap, Durham & Jacobs,* for appellant.

*Bradley* for appellee.